United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60368
Summary Calendar

———————————————

LEONARD WOLFE,

Plaintiff-Appellant,

versus

RUSSELL QUAVE, JR.; ALAN SANTA CRUZ; WALTER FREMAN;
THEODORE HARDER, also known as Teddy Harder;
CITY OF D'IBERVILLE, MISSISSIPPI,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CV-62
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Leonard Wolfe, proceeding pro se, appeals the district court's
order dismissing his 42 U.S.C. § 1983 complaint pursuant to FED. R.
CIV. P. 12(b)(6), for failure to state a claim. Wolfe argues that
the district court erred in dismissing his complaint because:
(1) his due process rights were violated because he was deprived of
his right to a jury trial; (2) the defendants deprived him of the
use of his property without affording him due process; and (3) he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suffered emotional distress as a result of the defendants' actions.

A district court's ruling on a Rule 12(b)(6) motion for failure to state a claim is subject to de novo review. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The motion may be granted only "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. (quotation marks and citation omitted).

Wolfe's claim that he was denied his right to a jury trial is without merit. See Odum v. Penn Mut. Life Ins. Co., 288 F.2d 744, 748 (5th Cir. 1961). His claim that he was denied the use of his property without due process of law is belied by the recitation of facts contained in his complaint. Finally, his claim for intentional infliction of emotional distress fails to rise to the level of a constitutional violation. See Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994). Accordingly, the judgment of the district court is AFFIRMED.